802 A.2d 543 (2002)
353 N.J. Super. 248
URSO & BROWN, INC., Predecessor to Al Gar/The Display Connection, Inc., Plaintiff-Appellant,
v.
DIRECTOR, NEW JERSEY DIVISION OF TAXATION, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 2002.
Decided July 8, 2002.
*544 Harold Leib, Clifton, argued the cause for appellant (Harold Leib & Associates, attorneys; Mr. Leib, on the brief).
Mala Narayanan, Deputy Attorney General, argued the cause for respondent (David Samson, Attorney General, attorney; Patrick DeAlmeida, Deputy Attorney General, of counsel; Ms. Narayanan, on the brief).
Before Judges PRESSLER and PETRELLA.
PER CURIAM.
Urso & Brown, Inc. challenges the Tax Court's determination that the Director, Division of Taxation, correctly imposed sales and use taxes on purchases of prototypes of point-of-purchase displays. Point-of-purchase displays are merchandising models used by vendors to market goods to customers.
The Tax Court, in a published opinion, Urso & Brown, Inc. v. Director, Division of Taxation, 19 N.J.Tax 246 (Tax Ct.2001), concluded that purchases of these prototypes were not exempt from sales or use taxes and entered a judgment for $17,609, plus interest.
On appeal, Urso & Brown argue that the Tax Court erred: (1) by rejecting certain testimony of Richard Urso, the principal of plaintiff, and instead accepting certain documentary evidence; (2) in finding that plaintiff provided materials for the prototypes and, therefore, satisfied N.J.S.A. 54:32B-3(b)(1), subjecting purchase of prototypes to a sales tax, or N.J.S.A. 54:34B-6(C), subjecting them to a use tax; (3) in the alternative, in failing to find the subject transactions exempt from sales or use tax under N.J.S.A. 54:32B-8.13 where the prototypes were used directly and primarily in the production of the point-of-purchase displays; and (4) in failing to find the subject transactions exempt under N.J.S.A. 54:32B-8.14 where the prototypes were used in research and development of the point-of-purchase displays.
We have considered all of plaintiff's arguments in light of the record and the arguments presented and are satisfied that they lack merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(1)(A) and (E).
In addition, Judge Kuskin's findings are supported by substantial credible evidence in the record and we have no warrant to disturb them. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
We merely add that all of plaintiff's arguments were raised in the Tax Court except for its claim that certain letters and documents were improperly admitted or favored over the testimony of Urso. The matter was heard in the Tax Court essentially on a Stipulation of Facts, which was supplemented by a hearing in which both parties called Urso as the only witness. There was no objection to the entry of a *545 letter into evidence from a third party fabricator. Moreover, there was also no objection to the use, to cross-examine Urso, of a letter from plaintiff's CPA, concerning plaintiff's practice of providing the third party fabricators with materials. Urso stated that he did not have an explanation for the factual inconsistencies between these letters and his testimony. Aside from the fact that the evidence issue was not raised in the Tax Court, and we could decline to consider it, there was no error, let alone plain error, that would warrant reversal of the Tax Court's decision.
We affirm substantially for the reasons expressed by Judge Kuskin in his opinion, reported at 19 N.J.Tax 246.